(C.D. 2754)

KALIMAR, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided August 31, 1966)

Glad & Tuttle for the plaintiff.
John W. Douglas, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the protests listed in schedule A, annexed to this decision and made a part hereof, consists of so-called gadget bags which were assessed with duty at the rate of 50 per centum ad valorem as corduroy articles, within the purview of paragraph 909 of the Tariff Act of 1930, or at the rate of 21 cents per pound and 17 per centum ad valorem as manufactures wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent, as provided in para-

graph 1539 (b) of said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

It is claimed in said protests, or in amendments thereof, that said merchandise is more specifically provided for in paragraph 397 of said act, as modified by said sixth protocol, as articles of base metal, not specially provided for, at the rate of 19 per centum ad valorem.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court:

That the items marked "A" and initialed MAD (Examiner's Initials) by Michael A. D'Angelo (Examiner's Name) on the invoices covered by the protests and entries enumerated in Schedule "A" attached hereto and made a part hereof, and assessed with duty either at 50 per cent ad valorem under paragraph 909 or at 21 cents per pound and 17 per cent ad valorem under paragraph 1539, as modified, and claimed dutiable at 19 per cent ad valorem under paragraph 397, as modified by T.D. 54108, consists of gadget bags which are not wholly or in chief value of any product of which any synthetic resin or resin-like substances is the chief binding agent, but are in chief value of base metal other than tin or tin plate or lead and not plated with platinum, gold, or silver, or colored with gold lacquer.

IT IS FURTHER STIPULATED AND AGREED that the protests enumerated in Schedule "A" be submitted on this stipulation, the same being limited to the items marked "A" as aforesaid.

Upon the agreed facts, we hold the merchandise here in question, identified by invoice items marked and initialed as aforesaid, to be dutiable at the rate of 19 per centum ad valorem as articles of base metal, not specially provided for, within the purview of paragraph 397 of the Tariff Act of 1930, as modified by said sixth protocol. The claim of the plaintiff to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.